IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PROGRESSIVE MOUNTAIN INSURANCE COMPANY,<br><br>  Petitioner,<br><br>v.<br><br>ROBERT RADCLIFF,<br>VBC EXPRESS LOGISTICS, LLC,<br>KEA TRANSPORTATION GROUP, LLC, ALAN DISEKER, IV and KENDALL DISEKER, Individually and as parents and natural guardians of ALAN DISEKER, V, a minor, MARGARET MELZER, and MICHELLE DENNEY, Individually and as next friend of HUDSON DENNEY, a minor child,<br><br>  Respondents. | Civil Action File No.:<br>1:23-cv-02322-JPB |

## PETITIONER'S MOTION FOR SERVICE BY PUBLICATION AS TO RESPONDENT ROBERT RADCLIFF AND BRIEF IN SUPPORT

COMES NOW, Petitioner Progressive Mountain Insurance Company ("Progressive"), and pursuant to Fed. R. Civ. P. 4(e), O.C.G.A. § 15-10-44(b), and O.C.G.A. § 9-11-4(f)(1)(a), moves this Court for an Order permitting service by publication as to Respondent Robert Radcliff, for the reasons stated herein and in the Affidavit of Samuel H. Sabulis attached hereto.

1

1.

Federal Rule of Civil Procedure 4(e) states: "Unless federal law provides otherwise, and individual […] may be served in a judicial district of the United States by: (1) following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ."

2.

O.C.G.A. § 9-11-4(f)(1)(a) states, in pertinent part:

> When the person on whom service is to be made [. . .] cannot, after due diligence, be found within the state, or conceals himself or herself to avoid the service of the summons, and the fact shall appear, by affidavit, to the satisfaction of the judge or clerk of court, and it shall appear, either by affidavit or by a verified complaint on file, that a claim exists against the defendant in respect to whom the service is to be made, and that he or she is a necessary or proper party to the action, the judge or clerk may grant an order that the service be made by publication of summons . . . .

3.

In determining whether to grant a motion for service by publication, "[i]t is the duty of the courts to determine whether the movant has exercised due diligence in pursuing every reasonably available channel of information." *Abba Gana v. Abba Gana*, 251 Ga. 340, 343 (1983).

4.

Petitioner in this action has demonstrated, via the attached Affidavit of Samuel H. Sabulis, Esq., that it has exercised due diligence in pursuing every reasonably available channel of information regarding the whereabouts of Respondent Roert Radcliff, and it appears that Respondent Robert Radcliff cannot be found.  Specifically, Petitioner has attempted to serve Respondent Robert Radcliff at two of his last known addresses via the Chatham County Sheriff's Office, has reached out to his attorney of record in the underlying tort case, has conducted a skip trace in an attempt to find a current address for Respondent Robert Radcliff, and has attempted to locate Respondent Robert Radcliff by online and social media search.

5.

Petitioner has further demonstrated, via its Petition for Declaratory Judgment and the attached Affidavit of Samuel H. Sabulis, Esq., that a claim exists against the Respondent, and that the Respondent is a necessary and proper party to Petitioner's action.  The Petitioner in this case is an insurance company seeking a judicial declaration that it owes no coverage under a certain policy for any claims arising from a motor vehicle accident in which Respondent Robert Radcliff is alleged to have caused.

6.

Based on the foregoing, Petitioner filed with this Court its Petition for Declaratory Judgment seeking a judicial declaration that it owes no coverage for any claims arising out of the subject accident. Respondent Robert Radcliff is a proper Respondent in this case.

7.

Service by publication is a lawful means of service under Georgia law where a party to be served cannot be found or is evading service. O.C.G.A. § 9-11-4(f). Accordingly, it is a lawful means of service in this Court pursuant to Federal Rule of Civil Procedure 4(e).

WHEREFORE, for the above stated reasons, service by publication pursuant to O.C.G.A. § 9-11-4(f) should be granted in this case. Petitioner has provided the Court with a proposed Order and Notice of Publication.

Respectfully submitted, this 29th day of August, 2023.

LUEDER LARKIN & HUNTER LLC

*/s/ Samuel H. Sabulis*
SAMUEL H. SABULIS
Georgia Bar No. 339532
*Attorney for Petitioner*

3535 Piedmont Road
Building 14, Suite 205
Atlanta, Georgia 30305
T.: (678) 359-6028
F.: (678) 359-6028
ssabulis@luederlaw.com

## **CERTIFICATION OF COMPLIANCE**

The Undersigned Counsel hereby certifies that the foregoing has been prepared using Times New Roman 14-Point Font, as approved in LR 5.1C.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served this 29th day of August, 2023, upon all parties to this matter by filing with the Court's CM/ECF system, which will automatically e-mail notification of same to the following counsel of record as follows:

David L. Hudgins, Esq.
THE HUDGINS LAW FIRM, L.L.C.
920 Holcomb Bridge Road, Suite 100
Roswell, Georgia 30076
david@dlhudginslaw.com


And to the following party via U.S. Mail to his last known address:

Robert Radcliff
1543 Delano Street
Savannah, Georgia 31415

Robert Radcliff
1900 Lincoln Street, Apt. #505
Savannah, Georgia 31401


(Signature on following page)

Respectfully submitted this 29th day of August, 2023.

                                        LUEDER, LARKIN & HUNTER, LLC

                                        */s/ Samuel H. Sabulis*
                                        SAMUEL H. SABULIS
                                        Georgia Bar No. 339532
                                        *Attorneys for Progressive Mountain Insurance Company*

3535 Piedmont Road
Building 14, Suite 205
Atlanta, Georgia 30305
Tel.: (678) 359-6028
Fax: (678) 359-6028
ssabulis@luederlaw.com

6